UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAMERON LEE FITTS,

             Plaintiff,                CIVIL ACTION NO. 05 CV 73112 DT

        v.                      DISTRICT JUDGE PAUL D. BORMAN

S.L. BURT, *et al.*,               MAGISTRATE JUDGE VIRGINIA M. MORGAN

             Defendants.
_____/

## REPORT AND RECOMMENDATION

### I.  Introduction

Plaintiff is an inmate in the custody of the Michigan Department of Corrections (MDOC).  He filed suit pursuant to 42 U.S.C. § 1983 against MDOC Director Patricia Caruso, Correctional Medical Services (CMS), and 20 other MDOC and CMS officials, alleging that they were deliberately indifferent to his medical needs, that his personal property was taken in retaliation for his filing of various complaints and grievances, that defendants violated his right to equal protection of the law, that he was subjected to cruel and unusual punishment, and that various other constitutional wrongs were visited upon him.  The matter comes before the court of defendants' motions to dismiss (D/E #20, 23, 29), in which they contend that plaintiff has failed to demonstrate that he fully exhausted his administrative remedies prior to filing suit, as required

-1-

by 42 U.S.C. § 1997e(a).  For the reasons stated below, the court recommends that defendants'
motions be granted.

## II.  Discussion

### A.  Exhaustion of Administrative Remedies

Under Section 1997e(a), an inmate must exhaust all available administrative remedies
prior to filing an action under § 1983, or any other federal law, to challenge the conditions of his
confinement.[1]

The exhaustion requirement of § 1997e(a) "applies to all inmate suits, whether they
involve general circumstances or particular episodes, and whether they allege excessive force or
some other wrong."  Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002).  The
prisoner bears the burden of establishing exhaustion under § 1997e(a).  Brown v. Toombs, 139
F.3d 1102, 1104 (6th Cir. 1998).  In order to carry that burden, the prisoner must allege that he
exhausted all available administrative remedies and must either attach documentation to his
complaint showing the administrative disposition of any grievances he filed or describe the
administrative proceedings and the outcome thereof with specificity.  Knuckles El v. Toombs,
215 F.3d 640, 642 (6th Cir. 2000).  Further, "a prisoner must administratively exhaust his or her
claim as to each defendant associated with the claim."  Burton v. Jones, 321 F.3d 569, 575 (6th

---

[1]Section 1997e(a) provides:
No action shall be brought with respect to prison conditions under section 1983 of
this title, or any other federal law, by a prisoner confined in any jail, prison, or
other correctional facility until administrative remedies as are available are
exhausted.

Cir. 2003).  Under the "total exhaustion" rule, a complaint containing both exhausted and

unexhausted claims must be dismissed in its entirety.  Bey v. Johnson, 407 F.3d 801 (6th Cir.

2005).

In order for a Michigan inmate to exhaust his administrative remedies, he must utilize the

Michigan Department of Corrections' three-step grievance process.  In Poor v. Grayson, 46

Fed.Appx. 825, 826, 2002 WL 31085179 *1 (6th Cir.(Mich.)),[2] the Sixth Circuit discussed this

process:

> A Michigan prisoner's administrative remedies are set forth at
> Michigan Department of Corrections Policy Directive ("MDOC
> PD") No. 03.02.130 (October 11, 1999), which provides for a
> three-level written grievance procedure to be used after a prisoner
> attempts to verbally resolve an issue.  At Step I, the prisoner files a
> grievance with the Step I grievance coordinator, who assigns
> someone to respond.  See MDOC PD No. 03.02.130(T).  If the
> prisoner does not receive a timely response or is dissatisfied with
> the response at Step I, the prisoner may file a Step II appeal with
> the Step II grievance coordinator.  See id.  Likewise, if the prisoner
> does not receive a timely Step II response or is dissatisfied with the
> response, the inmate may file a Step III appeal with MDOC's
> Prisoner Affairs Section.  See id.  A prisoner may bypass Steps I
> and II and file a Step III grievance if the matter concerns "racial or
> ethnic discrimination and staff brutality or corruption."  See
> MDOC PD No. 03.02.130(II).  The prison's response at Steps I
> and II shall be sent to the prisoner within 15 business days, unless
> an extension is granted.  See MDOC PD No. 03.02.130(CC), (FF).
> The entire process from filing a Step I grievance to the Step III
> response shall be completed within 90 calendar days, absent an
> extension.  See MDOC PD No. 03.02.130(V).

---

[2]PD No. 03.02.130 was amended after Poor v. Grayson was decided.  However, the
grievance process, as discussed therein, remains the same.

Plaintiff alleges in his complaint, in wholly conclusory fashion, that he exhausted all of his claims as to each defendant.  These allegations are plainly insufficient to demonstrate exhaustion.  Plaintiff attached a number of grievances to his complaint and submitted additional documents in response to defendants' motions in an effort to demonstrate exhaustion.  However, these documents, like the allegations of the complaint, are insufficient to establish that plaintiff fully exhausted his administrative remedies.  The grievances are largely illegible, many are Step II and III grievances unaccompanied by any Step I grievance, and, even where a Step I grievance has been submitted, it appears that no Step II and/or Step III grievances were filed in certain instances.  Further, it does not appear that all of the defendants have been named in a Step I grievance.

Plaintiff concedes that he has failed to demonstrate exhaustion, claiming that he fully exhausted his claims as to each defendant "over and over again[,]" but that "half of the grievances were stolen by prison officials."  Plaintiff's bald assertion that prison officials stole his grievances is insufficient to excuse his failure to demonstrate exhaustion.  Plaintiff provides no details as to the circumstances of the alleged confiscation of his grievances, does not state whether he undertook any efforts to retrieve the grievances, gives no information as to the substance of the "stolen" grievances, and points to nothing in the record indicating that he filed a grievance or grievances regarding the confiscation.  If a prisoner could bypass the exhaustion requirement by a conclusory assertion that prison officials confiscated his grievances, the exhaustion requirement would become, in essence, a nullity.

-4-

In sum, plaintiff's allegations and submissions are plainly insufficient to demonstrate that he fully exhausted his administrative remedies as to each claim and each defendant prior to filing suit.  Further, without more, plaintiff's bald assertion that prison officials "stole" his grievances is insufficient to excuse his failure to demonstrate exhaustion.  In accordance with § 1997e(a) and the total exhaustion requirement of <u>Bey v. Johnson</u>, <u>supra</u>, 407 F.3d 801, plaintiff's complaint must be dismissed.

## III.  Conclusion

For the reasons stated above, the court recommends that defendants' motions to dismiss be **GRANTED** and that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508 (6th Cir. 1991); <u>United States v. Walters</u>, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991); <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

  s/Virginia M. Morgan          

VIRGINIA M. MORGAN

Dated:  April 27, 2006                    UNITED STATES MAGISTRATE JUDGE

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing Report and Recommendation was served upon Cameron Lee Fitts and counsel of record via the Court's ECF System and/or U. S. Mail at the address disclosed on the notice of electronic mailing on April 27, 2006.

s/J. Hernandez

Case Manager to

Magistrate Judge Virginia M. Morgan