UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CAMERON FITTS,

                Plaintiff,                FILE NO. 2:08-CV-85

v.                                                HON. ROBERT HOLMES BELL

SHERRY L. BURT et al.,

                Defendants.
_____/

## OPINION ADOPTING REPORT AND RECOMMENDATION

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendants filed a motion for summary judgment (docket #99). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation ("R&R"), recommending that this Court grant the motion of Defendants MacEachern, Hofbauer, Napel, Tretheway, Aalto, Alexander, Johns and MacMeekin and enter judgment for those Defendants and Defendant Grim (docket #110).[1] The matter presently is before the Court on Plaintiff's objections to the R&R (docket #112). For the reasons that follow, Plaintiff's objections are denied, the R&R is adopted, and summary judgment is granted to Defendants MacEachern, Hofbauer, Napel, Tretheway, Aalto, Alexander, Johns and MacMeekin. The claims against Defendant

---

[1] The caption on Defendants' motion suggests that the motion was filed by Defendants Burt, Civieja, Vallie, Cady, Carter, Birkett and Meagher, and, in electronically filing their motion, Defendants selected those parties as the parties bringing the motion. The contents of the motion, however, indicate that the motion was filed by Defendants MacEachern, MacMeekin, Hofbauer, Napel, Aalto, Alexander and Johns. Inasmuch as the latter Defendants and Defendant Grim were the only Defendants transferred to this Court from the Eastern District of Michigan (*see* docket #95), the Court has construed the motion consistent with the contents rather than the filing.

Grim are dismissed without prejudice.

## I.

This Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

On a motion for summary judgment, a court must consider all pleadings, depositions, affidavits and admissions and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court, however, "'need not accept as true legal conclusions or unwarranted factual inferences.'" *Michigan Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 533 (6th Cir. 2002) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). The party moving for summary judgment has the burden of pointing the court to the absence of evidence in support of some essential element of the opponent's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). Once the moving party has made such a showing, the burden is on the nonmoving party to demonstrate the existence of a genuine issue for trial. *Id.* Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Community Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005).

In order to prove that a triable issue exists, the nonmoving party must do more than rely upon allegations, but must come forward with specific facts in support of his or her claim. *Celotex*, 477 U.S. at 322; *Mulhall v. Ashcroft*, 287 F.3d 543, 550 (6th Cir. 2002). A party opposing a motion for summary judgment "may not merely recite the incantation, 'credibility,' and have a trial in the hope that a jury may believe factually uncontested proof." *Fogery v. MGM Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). After reviewing the whole record, the court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co., Inc.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). "'[D]iscredited testimony is not [normally] considered a sufficient basis'" for defeating the motion. *Anderson*, 477 U.S. at 256-57 (quoting *Bose Corp. v. Consumers Union of United States, Inc.*, 466 U.S. 485, 512 (1984)). In addition, where the factual context makes a party's claim implausible, that party must come forward with more persuasive evidence demonstrating a genuine issue for trial. *Celotex*, 477 U.S. at 323-24; *Matsushita*, 475 U.S. at 586-87; *Street*, 886 F.2d at 1480. "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Daniels v. Woodside*, 396 F.3d 730, 734 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252).

## II.

The Magistrate Judge recommended that Defendants' motion be granted and judgment be entered for all of the moving Defendants. The Magistrate Judge further recommended that Defendant Grim be dismissed from the action for lack of service. Petitioner makes no objection to the Magistrate Judge's recommendation concerning Defendant Grim. Accordingly, the Court accepts the Magistrate Judge's recommendation to dismiss Defendant Grim for want of prosecution.

In his complaint, Plaintiff alleged that he was in administrative segregation for more than 23 months before he was briefly released in August 2003. He asserted that he was placed back into segregation on August 6, 2003 without first being given a hearing, ostensibly in violation of his right to due process. The Magistrate Judge recommended that Defendants be granted summary judgment on the claim because Plaintiff had no liberty interest in staying out of administrative segregation and therefore due process was not required by the Constitution before Plaintiff was returned to administrative segregation. Plaintiff objects to the Magistrate Judge's recommendation, arguing that, because he had been released from administrative segregation for a few days, he had a right to a hearing. Plaintiff's claim is without merit. As the Magistrate Judge held, the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Court set forth the standard for determining when a state-created right creates a

federally cognizable liberty interest protected by the Due Process Clause. According to the *Sandin* Court, a prisoner is entitled to the protections of due process only when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995). The *Sandin* Court concluded that mere placement in administrative segregation did not implicate a liberty interest because the segregation at issue in that case did not impose an atypical and significant hardship. *Sandin*, 515 U.S. at 484; *Wilkinson v. Austin*, 545 U.S. 209, 222-23 (2005).

In addition, the Magistrate Judge concluded that, even if Plaintiff's extended placement in administrative segregation at some point rose to the level of being an "atypical and significant hardship" under *Sandin*, on the record of the case, Plaintiff received all the process to which he was entitled. The Court has reviewed the reasoning of the Magistrate Judge on this issue and finds no error. Accordingly, the Court adopts that portion of the R&R and will grant judgment to Defendants on Plaintiff's due process claim.

The Magistrate Judge also recommended that Plaintiff's Eighth Amendment claim be dismissed because confinement in administrative segregation does not constitute an Eighth Amendment violation. Plaintiff objects to the recommendation on the grounds that his mental health problems were exacerbated by his continued confinement in segregation. He alleges that the segregation rose to the level of an Eighth Amendment violation because of the mental health problems caused by the confinement.

Upon review, the Court agrees with the Magistrate Judge's analysis concerning the Eighth Amendment violation. In addition, the Court concludes that summary judgment is warranted on alternative grounds. Under 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Petitioner has failed to allege or show any physical injury in support of his claim. In *Harden-Bey v. Rutter*, 524 F.3d 789, 795, the Sixth Circuit rejected a prisoner's claim that continued administrative segregation had caused emotional or mental issues. The court determined that, absent a showing of physical injury, the prisoner's claim was barred by 42 U.S.C. § 1997e(e). Under *Harden-Bey*, Defendants are entitle to summary judgment.

In his third objection, Plaintiff argues that he has been subjected to an Eighth Amendment violation by the denial of placement in a Residential Treatment Program (RTP), despite having been approved for such placement by Michigan Department of Mental Health Psychologists Meyers and Jacobson. The Magistrate Judge concluded that Plaintiff's allegations about the need for placement in RTP were conclusory, and Plaintiff had failed entirely to allege or show that denial of the placement in RTP constituted deliberate indifference. The Court has reviewed the Magistrate Judge's analysis and finds no error. Accordingly, the Court adopts that portion of the R&R. In addition, as with his other Eighth Amendment claim, Plaintiff has failed to demonstrate the necessary physical injury to entitle him to emotional or mental damages under 42 U.S.C. § 1997e(e).

In his fourth objection, Plaintiff contends that the Magistrate Judge erred in concluding that Plaintiff's equal protection claim was conclusory and failed to state a claim. The Court has reviewed the Magistrate Judge's analysis and finds no error. The objection therefore is denied and that portion of the R&R is adopted.

Next, the Magistrate Judge recommended that Defendants be granted summary judgment on Plaintiff's claim that, in reaching their decision to return Plaintiff to administrative segregation and continue his placement there, Defendants retaliated against Plaintiff for having filed his lawsuit in *Fitts v. Sickler*, No. 1:03-cv-571 (W.D. Mich.). The Magistrate Judge recommended that the claim be dismissed because it was wholly conclusory and Plaintiff failed to allege or present any facts that supported his retaliation claim. Plaintiff argues in his fifth objection that his complaint and the supporting documents attached to the complaint contain sufficient factual support for his claim.

The only facts alleged in Plaintiff's verified complaint are that, on July 13, 2005 and July 14, 2005, he was told by non-Defendant Nurse Buyer and Defendant Case Manager Phil Johns, respectively, that Plaintiff had been denied placement in an RTP program in retaliation for his having filed the prior lawsuit. Assuming such facts are true, however, they are insufficient to support Plaintiff's claim.

According to Plaintiff's allegations, on July 10, 2005, certain mental health providers submitted Plaintiff's name for transfer to Huron Valley Men's Facility's RPT program. On July 12, 2005, Defendants Hofbauer and Aalto denied the transfer. Neither Nurse Buyer nor

Defendant Jones was involved in the decision to deny Plaintiff's transfer. A defendant's statements or conduct are not evidence of retaliation if the defendant is not the decisionmaker taking the alleged adverse action. *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001); *Shehee v. Luttrell*, 199 F.3d 295, 301 (6th Cir. 1999). As a result, Plaintiff has alleged no facts in support of his conclusory claim of retaliation.

Indeed, the factual circumstances actually undermine any claim of retaliation. First, neither Hofbauer nor Aalto were named Defendants in the prior lawsuit, and Hofbauer and Aalto were officials at the Marquette Branch Prison, while Plaintiff had sued individuals at the Ionia Maximum Correctional Facility and the Standish Maximum Correctional Facility. As a result, nothing about the actors involved suggests a retaliatory motive. Moreover, Plaintiff's claims in *Fitts v. Sickler* had been rejected by a jury on October 1, 2004, more than nine months before the alleged retaliation occurred. Although the action remained pending on appeal, the MDOC defendants in that action had prevailed and had no ongoing reason either to retaliate themselves or to encourage others at a distant facility to do so. For all these reasons, Plaintiff's allegations of retaliation fail to state a claim.

In his final objection to the R&R, Plaintiff asserts that the Defendants are not entitled to qualified immunity. The Magistrate Judge determined that, because Plaintiff failed to demonstrate that a clear constitutional violation occurred, Defendants also were entitled to summary judgment on the grounds of qualified immunity. The Court finds no error in the Magistrate Judge's determination.

**III.**

Having considered each of Plaintiff's objections and finding no error, the Court hereby denies Plaintiff's objections and adopts the Report and Recommendation of the Magistrate Judge as the opinion of the Court.  Accordingly, the Court will grant Defendants' motion for summary judgment and enter judgment for Defendants MacEachern, Hofbauer, Napel, Tretheway, Aalto, Alexander, Johns and MacMeekin.  The Court also will dismiss Plaintiff's claims against Defendant Grim for want of prosecution.  A judgment consistent with this opinion shall be entered.


Dated: June 30, 2009                                  /s/ Robert Holmes Bell
                                                      ROBERT HOLMES BELL
                                                      UNITED STATES DISTRICT JUDGE